UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAHDIEKHAN JOHNSON, | Civil Action No. 23-15723 (SDW-MAH) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| CELESTE HAMLETT, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about September 1, 2023, Plaintiff Sahdiekhan Johnson, a convicted and sentenced state prisoner incarcerated in Northern State Prison in Newark, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 *et seq.* (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), which establishes his financial eligibility to proceed without prepayment of the filing fee, and it will be granted (ECF No. 1-1).

2. Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

5. The defendants to the complaint are twelve social workers and nineteen Classification Committee members at Northern State Prison.[1]  (ECF No. 1).

6. Plaintiff alleges that each of the Social Worker Defendants waited until May 15, 2023, to interview him about his "max date," which this Court construes as his release date upon expiration of his sentence.  On May 15, 2023, the day Plaintiff expected to be released, the Social Worker Defendants informed him that he had three different "max dates." (ECF No. 1).  Plaintiff alleges that each of the Classification Committee Defendants "never properly/professionally update my documents of credits.  Classification Documentations are altered or not properly updated." (*Id.*)  It is difficult to comprehend the complaint, but Plaintiff makes reference to what this Court assumes to be prison disciplinary sanctions, some of which resulted in loss of credit toward Plaintiff's sentence.  Plaintiff also attached to his complaint a form titled "Initial Notice of Claim for Damages Against the State of New Jersey." (ECF No. 1-2).  Therein, Plaintiff stated that he had agreed with prison staff that May 15, 2023 was his max date. (*Id.*)  Instead, he was told on that date that he had three different max dates. (*Id.*) Plaintiff stated he was seeking damages for every day spent incarcerated beyond his max date. (*Id.*)  Plaintiff also filed, with his complaint in this Court, a motion for appointment of pro bono counsel. (ECF No. 2).

7. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)

---

[1] This Court will refer to Defendants Celeste Hamlett, Monica Tyson, Shalaa Cureton, Bria Romano, Romano Burks, Alexa Vinueza, Erica Bluestone, Crystal Camacho-Hernandez, Arilee Francois, Moses Griffin, Erica Modlin, and Minerva Torres as "the Social Worker Defendants." This Court will refer to Defendants Colleen King, Ana Torres, Richard Vaca, Rita Tarasenko Reeve, Lavinia Boyd, Ebony Adkins, Julie Alex, Alex Ballester, Wanda Carrero, Pamela Fields, Tiffany Hamilton, Janeena Jones, Pedro Medeiras, Denia Fernandez, Felix Perez, Patience Quaue, Mildred Ramos, Amparo Rivera, and Taina Rivera as "the Classification Committee Defendants".

(citations omitted).  This Court construes the complaint as raising claims of cruel and unusual punishment under the Eighth Amendment, deprivation of his liberty interest under the Fourteenth Amendment Due Process Clause, and negligence under the New Jersey Tort Claims Act.

    8. An Eighth Amendment claim for imprisonment beyond one's term requires a prisoner to show that the defendants acted with deliberate indifference—that "'prison officials [] actually knew of a substantial risk to a prisoner's protected right'" and "'did not respond reasonably to that risk." *Granberry v. Chairman of Pennsylvania Bd. of Prob. & Parole*, 396 F. App'x 877, 880 (3d Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)).  As to the Social Worker Defendants, Plaintiff alleges they waited until his maximum expiration date, May 15, 2023, to interview him and inform him that he had three potential maximum expiration dates.  Plaintiff has not alleged sufficient facts to establish when the Social Worker Defendants learned that Plaintiff's actual release date was in question, or how they failed to act reasonably in response to a substantial risk that he may be held beyond his expiration date.  Plaintiff has not alleged that the Social Worker Defendants had any role in calculating his release date, only that they informed him, on his expected release date, that his actual release date was in question.  Plaintiff alleges the Classification Committee Defendants were negligent in calculating his release date.  Negligence resulting in imprisonment beyond a prisoner's term is insufficient to violate the Eighth Amendment.  *Granberry*, 396 F. App'x at 880.  This Court will dismiss Plaintiff's Eighth Amendment claims against all Defendants without prejudice.

    9. "To properly state a claim under 42 U.S.C. § 1983 for a violation of the Fourteenth Amendment's Due Process Clause, a plaintiff must, among other things, establish that the defendant' 'subjected the plaintiff, or caused the plaintiff to be subjected to' the deprivation of a protected liberty interest without due process. *Barr v. Cnty. of Clarion*, 417 F. App'x 178, 180–

4

81 (3d Cir. 2011) (quoting *Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir.1989)). "[W]hen a policymaking official establishes a constitutionally inadequate state procedure for depriving people of a protected interest and someone is thereafter deprived of such an interest, the official has 'subjected' that person to a due process violation." *Sample*, 885 F.2d at 1114. Plaintiff has not alleged that any of the defendants are policymaking officials who established an inadequate procedure for calculating a prisoner's release date. Instead, Plaintiff alleges the Classification Committee Defendants were negligent in their performance of his release date calculation. Therefore, Plaintiff has failed to allege a due process violation under the Fourteenth Amendment. This Court will dismiss Plaintiff's Fourteenth Amendment claims against each Defendant without prejudice.

10. A district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Plaintiff alleged the Classification Committee Defendants were negligent in calculating his maximum release date. This claim arises under state law, the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 *et seq.* This Court declines to exercise jurisdiction over Plaintiff's state law claims at this time because Plaintiff failed to allege sufficient facts to state a claim for relief under federal law, 42 U.S.C. § 1983.

11. Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 2). Before a district court exercises its discretion to appoint pro bono counsel, it should determine the threshold issue of whether the plaintiff has alleged a claim with arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (citation omitted). For the reasons discussed above, Plaintiff has not done so here. Therefore, this Court will deny Plaintiff's motion for appointment of pro bono counsel without prejudice.

12. In conclusion, this Court will grant Plaintiff's IFP application, decline to exercise jurisdiction over Plaintiff's state law claims, dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted, and deny Plaintiff's motion for appointment of pro bono counsel without prejudice. Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated: October 3, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge